1  TRINETTE G. KENT (State Bar No. 025180)
2  10645 North Tatum Blvd., Suite 200-192
   Phoenix, AZ 85028
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  *Of Counsel to*
   Lemberg Law, LLC
7  A Connecticut Law Firm
8  1100 Summer Street
   Stamford, CT  06905
9  Telephone:  (203) 653-2250
10 Facsimile:  (203) 653-3424

11
   Attorneys for Plaintiff,
12 Veronica Beckum

13

14

15
                IN THE UNITED STATES DISTRICT COURT
16
                  FOR THE DISTRICT OF ARIZONA
17

18

19 | Veronica Beckum, | Case No.: |
20 | Plaintiff, | |
21 | | |
22 | vs. | **COMPLAINT** |
23 | Conn Appliances, Inc.; and DOES 1-10, inclusive, | |
24 | | **JURY TRIAL DEMANDED** |
25 | Defendants. | |
26 | | |

27

28

1

2

3

For this Complaint, the Plaintiff, Veronica Beckum, by undersigned counsel,

states as follows:

4

## **JURISDICTION**

5

1.      This action arises out of Defendants' repeated violations of the Telephone

6

7

Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA") and the invasions of

8

Plaintiff's personal privacy by the Defendants in their illegal attempts to contact

9

Plaintiff..

10

2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331,

11

12

1367.

13

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

14

15

Defendants transact business here and a substantial portion of the acts giving rise to

16

this action occurred here.

17

## **PARTIES**

18

19

4.      The Plaintiff, Veronica Beckum (hereafter "Plaintiff"), is an adult individual

20

residing at 18611 North 22nd Street, Number 2, Phoenix, Arizona 85024, and is a

21

22

"person" as the term is defined by 47 U.S.C.A. § 153(39).

23

5.      The Defendant, Conn Appliances, Inc. (hereafter "Conn"), is a company with

24

an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas

25

26

77381, and is a "person" as defined by 47 U.S.C.A. § 153(39).

27

28

6.    Does 1-10 (the "Agents") are individual agents employed by Conn and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.    Conn at all times acted by and through one or more of the Agents.

## FACTS

8.    Within the last year, Conn contacted Plaintiff by placing calls to her cellular telephone [623-210-XXXX], using an automated telephone dialer system with an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii) (hereafter "Robocalls").

9.    When Plaintiff answered Robocalls from Conn, she heard a prerecorded message.

10.    On or about March 15, 2014, Plaintiff spoke with a live representative from Conn and instructed Conn to cease calling her with Robocalls.

11.    Despite being unequivocally advised by Plaintiff to stop calling, Conn continued to call Plaintiff with multiple Robocalls.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

12.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

13.     At all times mentioned herein, Conn called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14.     Plaintiff did not provide and/or revoked her express consent to be contacted on her cellular telephone, and in fact instructed Conn to stop all calls to her cellular telephone.

15.     Conn continued to place Robocalls to Plaintiff's cellular telephone after being advised by Plaintiff that she wanted all calls to cease.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16.     The telephone number called by Conn was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17.     The calls from Conn to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     Each of the aforementioned calls made by Conn constitutes a violation of the TCPA.

19.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

4

20.     As a result of each call made in knowing and/or willful violation of the TCPA,

Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00

pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

22.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his

private affairs or concerns, is subject to liability to the other for invasion of privacy, if

the intrusion would be highly offensive to a reasonable person."

23.     Arizona further recognizes the Plaintiff's right to be free from invasions of

privacy, thus the Defendant violated Arizona state law.

24.     Conn intentionally intruded upon Plaintiff's right to privacy by continually

harassing the Plaintiff with the above-referenced Robocalls.

25.     The telephone calls made by Conn to the Plaintiff were so persistent and

repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second,

§ 652(b) requirement for an invasion of privacy.

26.     The conduct of Conn in engaging in the illegal calling activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

28.     All acts of Conn were committed with malice, intent, wantonness, and recklessness, and as such, Capital One is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

1

2

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

3    DATED:  April 3, 2014                    LEMBERG LAW, LLC

4

5

6                                            By:___*/s/   Trinette G. Kent*_____
                                             Trinette G. Kent
7

8                                            Attorney for Plaintiff,
                                             Veronica Beckum
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7